It is not true that a new estate in the thing sold is acquired by the purchaser under a fieri facias; he succeeds to the interest or estate of the defendant, and to no other; nor is the case different where the defendant has made a fraudulent deed to another, quoad the creditor it is the debtor's estate. Perry by the purchase acquired Freeman's estate and no more, and he cannot now object that Freeman's interest could not be sold under a fi. fa.; he is concluded from alleging it; therefore, the claim of Perry in opposition to the trustees is a nullity, if Freeman could not support it. It is like the case of a tenant for life conveying in fee; the vendee, notwithstanding his deed in fee, and his claim in fee, is still tenant for life, and the reversioner may draw upon him as his tenant and compel him to perform the obligations of tenant for life, and although, if the conveyance be by fine or feoffment, the reversioner may consider it as a forfeiture, and enter upon the cognizee or feoffee, yet he may waive the forfeiture and demand the reserved services of the cognizee or feoffee. Their confidential relations cannot be assumed and put off at pleasure. The joint act of the parties and the law created them, and they can be put an end to only in the same way. The purchaser, as to strangers, succeeds to the estate of his vendor, their declaration to the contrary notwithstanding. If an action were now brought against Perry for refusing to deliver up the negroes at the time of the sale, the statute of limitations would bar that action, for plainly it arose at the time of the refusal; but if the trustees chose to waive it, and consider Perry as in Freeman's place, and wait with him as long as they could wait with Freeman, that is, during life, and then do as is now done by the cestui que trust (Freeman being dead), called upon Perry to surrender the slaves, the statute is no bar, for there has been no adverse possession. The fact is that by Freeman's death there was no interest or estate in Perry to protect. Had he taken the negroes tortiously, he would have acquired a tortious estate; (250) but having acquired a limited one, that is, during Freeman's life and the pleasure of the trustees, it expired by Freeman's death.
There is some difficulty as to the jurisdiction, for the trustees have the legal estate, and should have sued Perry immediately on Freeman's death; but as they will not or have not done so, and Perry as long as he holds is quasi trustee, I think this bill may on these grounds be sustained.
PER CURIAM. An account directed. *Page 203